# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHARLES JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HALLS FERRY PIZZA, INC., ) <br> ) <br> Serve at: ) <br> ) <br> Marcia Clark ) <br> 3159 Fee Fee Rd., Room 216 ) <br> Bridgeton, MO 63044 ) <br> ) <br> Defendant. ) | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW Plaintiff Charles Johnson ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant Halls Ferry Pizza, Inc. ("Defendant"), states as follows:

## **INTRODUCTION**

1. Plaintiff brings this action to recover for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Missouri Minimum Wage Law, § 290.500 *et seq*. ("MMWL").

2. Defendant's violations include: (1) failing to pay Plaintiff overtime pay; (2) failing to accurately make and maintain records of Plaintiff's hours worked; and (3) failing to reimburse Plaintiff for vehicle expenses.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of wage and hour provisions contained within the FLSA. 29 U.S.C. § 216(b). Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

4. Plaintiff's MMWL claims are so related to the FLSA claims that they form a part of the same case or controversy. Jurisdiction of this Court over such claims is proper pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District in that Defendant hired, controlled, and compensated Plaintiff in Missouri.

## PARTIES

6. Johnson is a citizen of the United States who resides in Missouri and who had been employed by Defendant as a pizza delivery driver from approximately June 2021 to sometime in 2022.

7. Plaintiff had the primary job duty of delivering pizzas and other food items to Defendant's customers using his personal vehicle.

8. Plaintiff was an "employee" of Defendant within the meaning of § 290.500(3) RSMo. and 29 U.S.C. § 203.

9. Defendant is a corporation based in St. Louis, Missouri that owns and operates several Imo's Pizza stores and employs delivery drivers throughout the St. Louis area.

10. Defendant is an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) and § 290.500(4) RSMo.

11. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

## FACTUAL BACKGROUND

**A.   Defendant's Pizza Delivery Drivers.**

12. Defendant paid Plaintiff as a pizza delivery driver at an hourly rate of $6.00 per hour, plus certain tips.

13. Plaintiff worked out of Defendant's "Halls Ferry Circle" location at 1192 Riverview Blvd., St. Louis, MO 63147 as a pizza delivery driver.

14. Defendant set Plaintiff's work hours each week via the posting of a printed work schedule.

**B.   Defendant's Failure to Pay Overtime.**

15. Plaintiff routinely worked more than forty (40) hours each workweek.

16. Defendant, however, did not pay Plaintiff for all hours worked.

17. Defendant did not pay Plaintiff an overtime premium rate of pay for hours worked in excess of forty (40) in one or more workweeks.

18. Defendant had a policy or practice of only paying delivery drivers for straight time hours each workweek (*i.e.*, only up to 40 hours per week), even when drivers worked in excess of forty (40) hours in a given workweek.

19. For example, for the pay period of June 21, 2021 through June 27, 2021, Defendant only purported to pay Plaintiff for forty (40) hours of work when, during this same time period, Plaintiff worked at least sixty (60) hours. Defendant did not pay Plaintiff any regular pay or overtime premium pay for the hours worked in excess of forty (40) during this pay period.

20. Defendant did not make or maintain accurate records of Plaintiff's hours worked each workweek.

21. The net effect of the pay policies and practices maintained and administered by Defendant is that Defendant failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per workweek.

**C.     Defendant's Collective Wage Theft.**

22. The net effect of these policies is that Defendant willfully fails to pay for all hours worked by its delivery drivers (including but not limited to overtime premium pay) and fails to reimburse their vehicle expenses. Through these policies and/or practices, Defendant thereby enjoys ill-gained profits at the expense of its employees.

23. Plaintiff is a non-exempt employee for purposes of the payment of overtime wages and recordkeeping requirements pursuant to the FLSA.

24. At all times relevant herein, Defendant was under a duty to comply with all federal, state and local laws regarding payment for hours worked, and classified Plaintiff as a non-exempt hourly employee of Defendant at all relevant times.

25. To date, Plaintiff has not received the full compensation to which he is entitled under applicable laws and regulations.

26. Defendant's violations have been knowing and willful, in that Defendant failed to maintain accurate records, sought to conceal and/or ignore the violations rather than remedy them, and refused to fully remedy and correct the issues when brought to Defendant's attention for out-of-court resolution.

### COUNT I – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

27. Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

28. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

29. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) per workweek. 29 U.S.C. § 207.

30. Defendant failed to pay Plaintiff overtime compensation at the statutorily prescribed rate of one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

31. Defendant violated the FLSA by failing to keep accurate records of all wages paid, and adjustments to those wages including bonuses, deductions, and other facilities worked by Plaintiff. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

32. During the course of his employment, Plaintiff was not properly paid overtime for hours worked in excess of forty per work week at a rate of one-and-one-half times the regular rate of pay.

33. Plaintiff is owed liquidated damages as a result of not being properly paid overtime. No good faith or objectively reasonable basis exists for Defendant's violations of the FLSA.

34. Defendant knew or should have known that Plaintiff was a non-exempt employee and knowingly and willfully violated the FLSA by failing to pay overtime compensation.

35. Defendant failed to post notice of FLSA rights and misinformed employees as to their rights justifying equitable tolling of the statute of limitations.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant as follows: (1) judgment against Defendant for violation of the overtime wage provisions of the FLSA; (2) an award of unpaid overtime wages; (3) determination that Defendant's FLSA violations were willful;

(4) imposition of liquidated damages against Defendant; (5) pre-judgment and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and litigation and court costs incurred; and (7) such other and further relief as the Court deems fair and equitable under the circumstances.

## COUNT II – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE MMWL

36. Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

37. Like the FLSA, the MMWL requires an employer to pay its non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over forty (40) in any given workweek and requires employers to make and maintain accurate records of employees' hours worked each workweek. §§ 290.505, 290.520 RSMo.

38. By failing to pay Plaintiff overtime compensation at a rate of one-and-one-half times his regular rate of pay for all hours worked over forty (40) in one or more workweeks, Defendant violated the MMWL.

39. By failing to make and maintain accurate records of Plaintiff's hours worked each workweek, Defendant violated the MMWL. § 290.520 RSMo.

40. Defendant also failed to post notice of MMWL rights and misinformed employees as to their rights justifying equitable tolling of the statute of limitations. § 290.522 RSMo.

41. Because of Defendant's policy or practice, Plaintiff and other similarly situated pizza delivery drivers have been damaged in that they have not received wages owed to them pursuant to the MMWL. § 290.527 RSMo.

WHEREFORE, Plaintiff seeks relief and judgment against Defendant as follows: (1) judgment against Defendant for violation of the overtime wage provisions of the MMWL; (2) an award of unpaid overtime wages; (3) an additional amount equal to twice the unpaid wages as

liquidated damages; (4) determination that Defendant's MMWL violations were willful; (5) pre-judgment and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and litigation and court costs incurred; and (7) such other and further relief as the Court deems fair and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

By:        */s/ Kevin J. Dolley*
Kevin J. Dolley (E.D. Mo. #54132MO)
DOLLEY LAW, LLC
12977 N. Outer Forty Dr., Suite 230
St. Louis, MO 63141
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiff Charles Johnson*